

**Driving progress through partnership**

**Edward B. Schwartz**
Direct Phone: +1 202 414 9179
Email: eschwartz@reedsmith.com

Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C. 20005-3373
+1 202 414 9200
Fax +1 202 414 9299
reedsmith.com

September 2, 2025

**VIA ECF**

Honorable Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** *Enhanced US LLC v. World Aquatics, et al.* (S.D.N.Y. Case No. 1:25-cv-07096)

Dear Judge Furman:

We are writing on behalf of Plaintiff Enhanced US LLC ("Plaintiff" or "Enhanced") in the above-referenced case to respectfully request that the Court issue an Order (1) authorizing alternative methods of service upon Defendants World Aquatics f/k/a Fédération Internationale de Natation ("World Aquatics") and World Anti-Doping Agency ("WADA") (together, the "Foreign Defendants"); and (2) granting an expedited briefing and oral argument schedule for Plaintiff's simultaneously filed Motion for Preliminary Injunction ("PI Motion") [Dkt. # 16] due to the time-sensitive nature of Plaintiff's requested relief.

Plaintiff commenced the above-captioned action on August 27, 2025, asserting, *inter alia*, antitrust claims under Sherman Act Sections 1 and 2. This action arises from the Foreign Defendants' conspiracy, along with the domestic co-defendant USA Swimming Inc. (collectively, the "Defendants"), to establish a boycott against Plaintiff and prevent Plaintiff from (1) being able to recruit elite swimmers and others who are essential to Plaintiff's planned athletic events; and, thereby, (2) entering the markets for hosting international elite swimming competitions and for the recruitment of those athletes and others. *See* Dkt. #1 (Complaint). The mechanism for this boycott is a By-Law recently adopted by World Aquatics days after Plaintiff announced its inaugural games for next May – and is enforceable by World Aquatics' 210 global federation members (including Defendant USA Swimming) – that threatens anyone who participates in or in any way supports Plaintiff's planned games with potential lifetime bans and disqualification from Olympic-qualifying events and the Olympics. Defendants' conduct already has caused numerous swimmers, coaches and support personnel, among others, to withdraw from participating in the Enhanced Games. The boycott also continues to have ripple effects on Enhanced's ability to recruit athletes for other sports that will be featured at those games, and Enhanced's ability to fill out its roster of athletes for next May's Games in the next 4-8 weeks is essential. In the absence of injunctive relief, Plaintiff will be irreparably harmed in its ability to carry out the Enhanced Games as planned.

Because the Foreign Defendants reside outside the United States (World Aquatics in Switzerland, and WADA in Canada), Plaintiff respectfully requests an Order pursuant to Rule 4(f)(3) of

the Federal Rules of Civil Procedure authorizing expedited service upon the Foreign Defendants through delivery of the Summons, Complaint and related documents ("Initiating Documents") along with the PI Motion and supporting papers to: (1) WADA's headquarters in Montreal, Canada and World Aquatics' headquarters in Lausanne, Switzerland via international courier with delivery confirmation; and (2) to World Aquatics via courier and email service on the entity's counsel of record in two currently pending antitrust cases, *International Swimming League, Ltd v. Federation Internationale De Natation*, No. 3:18-cv-7394 (N.D. Cal.) and *Shields et. al., v. Federation Internationale De Natation*, No. 3:18-cv-7393 (N.D. Cal.) (together, the "California Actions").  Notably, those antitrust cases arose from World Aquatics having established an almost identical ban on any swimmers who chose to participate in plaintiff International Swimming League's ("ISL's") scheduled swimming competitions.

I. **The Court Should Grant an Ex Parte Order Authorizing Service upon the Foreign Defendants Via Alternative Means**

Federal Rule of Civil Procedure Rule 4(f)(3) permits service of process on foreign defendants "by other means not prohibited by international agreement, as the court orders."  "Federal courts have consistently recognized that 'there is no hierarchy among the subsections in Rule 4(f).'" *Rana v. Islam*, 305 F.R.D. 53, 65-66 (S.D.N.Y. 2015) (citation omitted).  Thus, "court-directed service under Rule 4(f)(3) is as favored as under Rule 4(f)(1)"—i.e., service through the Hague Convention  *Id*. at 66 (citations omitted): *Madison Pac. Trust Ltd. v. Groza*, No. 25-cv-642 (PKC), 2025 U.S. Dist. LEXIS 69164, at *6 (S.D.N.Y. Apr. 10, 2025) ("Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief.  It is merely one means among several which enables service of process on an international defendant.").

Service under Rule 4(f)(3) is appropriate in cases of urgency where, as here, the other methods provided by Rule 4(f) would cause unnecessary delay.  See *F.T.C. v. Pecon Software Ltd*., No. 12 Civ. 7186, 2013 U.S. Dist. LEXIS 111375, at *10 (S.D.N.Y. Aug. 7, 2013) ("[I]n cases of 'urgency,' Rule 4(f)(3) may allow the district court to order a 'special method of service,' even if other methods remain incomplete or unattempted.").  Furthermore, Article 15 of the Hague Convention permits alternative means of service, such as via international courier or email, in cases of urgency—even where the signatory country does not otherwise permit service by mail or other alternative means.  *Spin Master Ltd. v. Aganv*, No. 24-cv-4007 (GHW), 2024 U.S. Dist. LEXIS 166526, at *10-11 (S.D.N.Y. Aug. 9, 2024).  Courts have held that "urgency exists when a plaintiff will suffer irreparable harm in the time it would take to serve the defendant under the Convention.…" *Id*. at *11; *Cavanaugh v. Individuals*, 2025 U.S. Dist. LEXIS 77160, at *4 (S.D.N.Y. Apr. 22, 2025) (holding that the urgency exception under Article 15 is satisfied where, in part, "Plaintiff has shown a substantial risk of irreparable harm if service is delayed.").

Here, the Foreign Defendants are located in countries (Switzerland and Canada) that are parties to the Hague Convention.  However, the process for serving documents under the Hague Convention is often protracted, frequently taking several months or longer to complete.  As described above and detailed in the PI Motion [Dkt. # 16], Plaintiff is at risk of severe, irreparable harm that requires prompt intervention; if forced to wait several months, Enhanced will be unable to complete recruiting for the Enhanced Games or to make critical down-payments to vendors, among other necessary and time-sensitive preconditions to holding the Enhanced Games.  This delay will render the requested injunction



September 2, 2025
Page 3

moot.  Given the urgency of the relief sought and the imminent risk of irreparable harm to Plaintiff if service is delayed, alternative service is necessary to ensure that Plaintiff's PI Motion can be heard in a timely manner.

### A. The Court Should Authorize Alternative Service on WADA Via International Courier

In light of the time-sensitive nature of Plaintiff's PI Motion and the risk of irreparable harm in the event of delays due to service through the Hague Convention, Plaintiff respectfully requests that the Court authorize alternative service via international courier (with delivery confirmation) of the Initiating Documents and PI Motion on WADA.  Alternative service by international mail courier on a Canadian defendant has been found permissible.  *Barron v. Helbiz Inc.*, No. 20 Civ. 04703, 2022 U.S. Dist. LEXIS 139709, at *5-7 (S.D.N.Y. Aug. 5, 2022) (granting alternative service on Canadian defendant via "international mail delivery service that confirms the delivery with a signature from an adult at the intended recipient's address"); *Fabbro v. Balke*, No. 19-CV-5764-ENV-SJB, 2020 U.S. Dist. LEXIS 116320, at *6-7 (E.D.N.Y. June 29, 2020) ("'Canada . . . has stated that it does not object to service by postal channels'" and accordingly service by mail is "available as [an] alternate means of service").  Accordingly, Enhanced requests that the Court permit service by this method as to WADA.

### B. The Court Should Authorize Alternative Service on World Aquatics Via Email and Courier to Its Counsel of Record in the California Actions

Plaintiff further requests authorization to serve the Initiating Papers and PI Motion on Latham & Watkins LLP, World Aquatics' counsel in the California Actions, to reasonably ensure World Aquatics receives notice of the lawsuit pending before this Court and to avoid undue delays.

Courts have authorized alternative service on a foreign party's U.S. counsel in lieu of service through the Hague Convention.  *See Actava TV, Inc. v. Joint Stock Co. "Channel One Russ. Worldwide"*, No. 18-cv-6626, 2018 U.S. Dist. LEXIS 242608, at *10-12 (S.D.N.Y. Aug. 31, 2018) ("[B]ecause Plaintiffs seek to serve Defendants through a domestic agent — their attorney — compliance with the Hague Convention is not implicated"); *Rana*, 305 F.R.D. at 66.  In authorizing such alternate service, courts in this District have concluded that "U.S. counsel can serve as a conduit to serve a foreign defendant abroad and such service comports with due process." *Zobay v. Mtn Grp*., 2024 U.S. Dist. LEXIS 203281, at *33 (E.D.N.Y. Sep. 30, 2024); *see also Actava TV*, 2018 U.S. Dist. LEXIS 242608, at *11-12 (party's attorney in an active litigation is "almost assuredly, . . ., in contact with Defendants and [would] be able to apprise them of this suit.").  Moreover, Courts have authorized service via email on a party residing in Switzerland where the circumstances warranted such service. *See, e.g., Nemesis 2 LLC v. Paladino*, No. 19-CV-3373 (RA), 2020 U.S. Dist. LEXIS 271362, at *3-4 (S.D.N.Y. July 31, 2020) (alternative service via email directly to Swiss defendant authorized to avoid delays).

The California Actions are active litigations in which World Aquatics undoubtedly has frequent contact with its counsel.  In the *Shields* matter, World Aquatics' counsel recently co-signed a Joint Case Management Statement indicating that it is participating in settlement negotiations with counsel for the plaintiff in that action as of July 23, 2025.  *Shields et. al., v. Federation Internationale de Natation*, No. 3:18-cv-7393 (N.D. Cal.) (Dkt. No. 420).  The *ISL* case is scheduled for trial in January 2026.  *ISL v.*



September 2, 2025
Page 4

*Federation Internationale De Natation*, No. 3:18-cv-7394 (N.D. Cal.) (Dkt. No. 467). Accordingly, service of the Initiaing Papers and PI Motion on World Aquatics' U.S. counsel is reasonably calculated to provide notice to World Aquatics of the pending action and PI Motion.

**II.     The Court Should Grant Expedited Briefing and Oral Argument Hearing on Plaintiff's Motion**

For the same reasons as relevant to Plaintiff's request for alternative service, Plaintiff respectfully requests an order granting an expedited briefing and hearing schedule due to the time-sensitive nature of the claims and the imminent threat of irreparable harm to Plaintiff.

**III.    Conclusion**

For the reasons stated above, Plaintiff respectfully requests that the Court (1) authorize service of the Initiating Documents and PI Motion to: (A) Defendants World Aquatics and WADA's physical addresses via international courier (with delivery confirmation), and (B) World Aquatics' counsel of record in the California Actions via email and courier (with delivery confirmation); and (2) direct an expedited briefing and hearing schedule on the PI Motion.

We appreciate the Court's consideration of this matter.

Respectfully submitted,

/s/ Edward B. Schwartz

Edward B. Schwartz
Reed Smith LLP