

Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
Phone: +1 412 288 3131
Fax +1 412 288 3063
reedsmith.com

**Edward B. Schwartz**
Direct Phone: +1 202 414 9179
Email: eschwartz@reedsmith.com

September 18, 2025

**VIA ECF**

Hon. Jesse M. Furman
Daniel Patrick Moynihan
United States Courthouse, Courtroom 24B
500 Pearl St.
New York, NY 10007-1312

      Re:    *Enhanced US LLC v. World Aquatics, et al.* **(S.D.N.Y. Case No. 1:25-cv-07096)**

Dear Judge Furman:

      We are writing on behalf of Plaintiff Enhanced US LLC ("Plaintiff" or "Enhanced") pursuant to Your Honor's Individual Rule 3(D), S.D.N.Y. Local Rule 37.2, and the Court's Order, dated September 9, 2025 (Dkt. No. 44) (the "Order") to respectfully request the Court's assistance in resolving a jurisdictional discovery dispute that has arisen. For the reasons set forth below, Enhanced seeks the Court's intervention to compel defendant World Anti-Doping Agency ("WADA") to produce documents responsive to Enhanced's narrowly tailored jurisdictional discovery requests. Good faith efforts by Enhanced to meet and confer with WADA were unable to obtain any resolution of this dispute.

      **I.**    **Relevant Procedural History**

      Consistent with the Order, on September 11, 2025, Plaintiff served five requests for the production of documents relevant to jurisdictional discovery to WADA (the "Requests") (Exhibit A) and to World Aquatics. In response, Defendant World Aquatics informed Enhanced that it no longer intends to move to dismiss the Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(2). (Exhibit B). Accordingly, World Aquatics will not respond to the Requests at this time.

      On September 16, 2025, WADA served its responses and objections (the "Responses") (Exhibit C) to Plaintiff's Requests, which consisted of generalized objections and WADA's refusal to produce any documents in response to 4 of the 5 requests.

      Counsel for Enhanced and WADA met and conferred on September 17, 2025 regarding WADA's objections. Despite Enhanced's good faith efforts to resolve the parties' dispute, counsel for WADA stood on its refusal to produce any documents in response to Requests 2-5,[1] arguing that (1)

---

[1] WADA agreed to produce documents reflecting its assets in the U.S. (Request 1), but WADA's counsel was unable to say whether it was aware of any such documents that would be produced. WADA refused to produce any documents relating to its agreements with U.S. entities (Request 2); communications regarding Enhanced, the Enhanced Games, or By-Law 10

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ ATLANTA ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DENVER ♦ DUBAI ♦ FRANKFURT
HONG KONG ♦ HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

September 18, 2025  
Page 2



jurisdictional discovery is not appropriate (notwithstanding that the Court has ordered it); (2) Plaintiff has not shown—to WADA's satisfaction—how the requested documents are relevant to any theory of jurisdiction over WADA; and (3) WADA has "no practical ability" to complete a custodial review and production of documents within the next ten days.[2]

## II.   This Court's Order Permitting Jurisdictional Discovery Was Appropriate

This Court properly exercised its discretion in granting Enhanced's request for jurisdictional discovery. A court "may grant jurisdictional discovery even when a prima facie case has not been established, so long as 'the plaintiff has made a threshold showing that there is some basis for the assertion of jurisdiction, [such as] facts that would support a colorable claim of jurisdiction[.]'" *Cerovene, Inc. v. Fukuzyu Pharm. Co.*, No. 24-CV-464 (RA), 2025 U.S. Dist. LEXIS 43236, at *6 (S.D.N.Y. Mar. 10, 2025) (citing *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003)). Enhanced's Complaint easily satisfies this threshold showing. Moreover, District Courts "enjoy broad discretion in deciding whether and to what extent to permit jurisdictional discovery." *Parker v. Bursor,* No. 24-CV-0245 (JGLC) (RFT), 2024 U.S. Dist. LEXIS 212206, at *5-7 (S.D.N.Y. Nov. 21, 2024).

Given this discretion, WADA's refusal to produce any documents in response to four of Enhanced's five discovery requests because WADA believes the Court erred in ordering any such discovery is without merit and reflects an improper attempt to seek reconsideration of the Court's Order.

## III.   Plaintiff's Requests are Directly Relevant to Jurisdiction

WADA's claim that Enhanced's limited jurisdictional discovery requests are not reasonably calculated to lead to the discovery of documents that are relevant to whether the Court has personal jurisdiction over WADA is baseless.

Enhanced's Complaint asserts personal jurisdiction under the Section 12 of the Clayton Act (among other bases), and therefore the relevant scope for jurisdictional analysis is the United States as a whole. *See, e.g., Sonterra Capital Master Fund Ltd. v. Credit Suisse Grp. AG*, 277 F. Supp. 3d 521, 589 (S.D.N.Y. 2017) ("When evaluating the extent of defendant's contacts as to the Clayton Act, the relevant forum is the United States as a whole."). Secondarily, the Court must look to due process considerations, i.e., that the defendant "ha[s] certain minimum contacts [with the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 169-70 (2d Cir. 2013). Again, the relevant forum for minimum contacts in this action is the United States.

Each of the requests seeks to test the scope, degree, and quality of WADA's conduct directed to the relevant forum, as Enhanced is a United States corporation, maintains its headquarters in New York,

---

(Requests 3 and 4); and USA Swimming's investigation into Enhanced Head Coach Brett Hawke regarding his involvement with Enhanced (Request 5).

[2] In response to an email sent to WADA counsel today confirming the substance of the meet and confer, they added late today that "if there are any relevant and proportionate subset(s) of documents responsive to those requests that you would like us to consider and as to which you would be willing to articulate a specific connection to a viable jurisdictional theory, we would be willing to consider your requests for such subset(s)." Enhanced's theories of jurisdiction are evident from its complaint, and if those theories are unsupported by the evidence, the documents—or lack thereof—requested by Enhanced would support or refute them.

Case 1:25-cv-07096-JMF   Document 52   Filed 09/25/25   Page 3 of 4

September 18, 2025
Page 3



and will hold its inaugural Enhanced Games— the stated destruction of which is the object of Defendants' alleged boycott—in Las Vegas. WADA's communications with the other defendant-conspirators and third parties evidencing its actions in seeking to preclude Enhanced from entering the relevant market, encouraging the boycott of swimmers and support personnel from entering into contracts with Enhanced, and supporting the conspiracy among the defendants to effectively shut down Enhanced all constitute U.S.-directed conduct that is relevant to the jurisdictional analysis. WADA disputes whether Enhanced's allegations establish liability, but that merits-based position is no basis to refuse to respond to relevant, limited jurisdictional discovery. Further, despite WADA's assertion, the fact that jurisdictional discovery may overlap with the merits of the case does not preclude such discovery. *See RSS Judgment Enforcement LLC v. Symbion Power Tanz. Ltd.*, 2021 U.S. Dist. LEXIS 138913, at *4 (S.D.N.Y. July 26, 2021) (permitting jurisdictional discovery despite the fact that the requested discovery "will be relevant for both jurisdictional and merits purposes").

Thus, for example, Enhanced's request Nos. 3 and 4, which seeks "[a]ll Communications between or among WADA, World Aquatics, USA Swimming, or any other Federation Member, concerning Enhanced, the Enhanced Games, or By-Law 10" (No. 3) and with third parties (No. 4) are specifically and narrowly focused on those communications that would reflect an agreement between WADA, the other Defendants, and, possibly, others, to target Enhanced with the boycott and other conduct in order to foreclose it from the relevant markets or, at a minimum, harm its goodwill and May 2026 Games. Similarly, WADA's communications with USA Swimming and/or others regarding USA Swimming's investigation of Enhanced Head Coach Brett Hawke would further reflect an agreement to harm Enhanced and foreclose it from the relevant markets. Finally, Enhanced's request for documents relating to WADA's agreements, if any, with any United States private or governmental entities (No. 2) is clearly directly relevant to its contacts with and activities within the United States.

### IV. WADA's Burden Objections Are Speculative and Insufficient

Finally, WADA claims that it has "no practical ability" to undertake a custodial review and production of responsive documents within the timeframe required. But during the parties' meet and confer, counsel for WADA admitted that—despite being on notice of jurisdictional discovery since September 9, 2025—it has taken no steps to identify custodians or locate documents, has not spoken to its IT department to coordinate document collection, and has no sense of the volume of documents or burden associated with the production.[3] Accordingly, WADA's speculative objections as to burden are patently insufficient and should be rejected outright. *SecurityScorecard, Inc. v. Safe Sec., Inc.*, No. 24-cv-4240 (ER), 2025 U.S. Dist. LEXIS 174118, at *10 (S.D.N.Y. Sep. 5, 2025) ("General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information.").

### V. Conclusion

For the reasons stated above, Plaintiff respectfully request an informal conference with the Court to discuss WADA's refusal to produce the requested documents and/or that the Court issue an order directing WADA to produce such documents responsive to the Requests.

---

[3] WADA refuses even to search for and produce communications between the single WADA executive, Ross Wenzel, and World Aquatics Executive, Brent Nowicki, regarding Enhanced, the Enhanced Games, or By-Law 10: a search that could presumably be easily conducted and which, Enhanced has reason to believe, would very likely be fruitful.

Respectfully submitted,

/s/ Edward B. Schwartz

Edward B. Schwartz
Reed Smith LLP

Upon review of the parties' submissions, Plaintiff's request for an order compelling WADA to respond to Requests 2 through 5 is denied. To the extent that Plaintiff believes it is entitled to jurisdictional discovery and/or needs such discovery to justify its opposition to WADA's anticipated motion to dismiss for lack of personal jurisdiction, it should renew its request in its opposition to that motion, specify the discovery that it needs, and explain why it needs that discovery. The Clerk of Court is directed to terminate ECF No. 48.

SO ORDERED.

September 25, 2025