

**Edward B. Schwartz**
Direct Phone: +1 202 414 9179
Email: eschwartz@reedsmith.com

Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C. 20005-3373
+1 202 414 9200
Fax +1 202 414 9299
reedsmith.com

November 7, 2025

The Honorable Jesse M. Furman
United States District Court, Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10077

Re: *Enhanced US LLC v. World Aquatics, et al.* (No. 1:25-cv-07096)

Dear Judge Furman:

    We represent plaintiff Enhanced US LLC ("Enhanced") and write in response to Defendants' letter requesting that the Court adjourn *sine die* the November 19, 2025 initial pretrial conference and associated filing deadlines.  Dkt. 97.  Enhanced opposes Defendants' request.  Defendants' belated request to adjourn the initial pretrial conference, which was scheduled months ago on August 29, 2025 (*see* Dkt. 14), is an improper attempt to stay discovery without bringing a noticed motion or making the required showing under Rule 26(c) and the law of this district.  Accordingly, Defendants' request should be denied, and the November 19, 2025 conference (and associated filings deadlines) should remain as scheduled.

    Despite acknowledging that the parties conferred on October 27, 2025, Defendants curiously refrain from describing that conference for what it was—a conference under Rule 26(f).  Indeed, in scheduling the conference, Defendants' counsel noted that "[i]n advance of the November 19 pretrial conference, we must begin conferral by next Wednesday, October 29," which is 21-days before the scheduled Rule 16 conference with the Court.  *See* Ex. A; FRCP 26(f)(1) (requiring parties to confer "at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)").  Furthermore, prior to the October 27 conference counsel for Enhanced sent counsel for Defendants an initial draft of the joint letter ordered by this Court (Dkt. 14), and sent initial drafts of the joint Rule 26(f) Report and of the Case Management Plan thereafter.  As this Court is aware, discovery commences immediately after the parties have conferred under Rule 26(f).  *See* FRCP 26(d)(1).  Thus, discovery has already begun and there is no reason for the initial pretrial conference to be delayed.

    By refusing to acknowledge that the Rule 26(f) conference already took place and requesting that the Court adjourn the Rule 16 conference, Defendants are making a back-door request for a stay of discovery *without* filing a noticed motion simply because they have motions to dismiss pending.  That is improper and legally insufficient.

    It is well-settled that "[a] motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act" and "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."  *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citation modified).  For that reason, courts will only grant a stay of discovery on a showing of good cause after taking into consideration "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion [to dismiss]."  *Id.* (citation modified).  And "**the burden is on the movant** to establish that a stay is

Hon. Jesse M. Furman
November 7, 2025
Page 2



warranted." *Goodman v. Samsung Elecs. Am., Inc.*, 2017 U.S. Dist. LEXIS 193588, at *4 (S.D.N.Y. Nov. 22, 2017).

Defendants obviously have not met their burden to establish that a stay of discovery is warranted—because they cannot. And because they cannot, Defendants instead act as though the parties' Rule 26(f) conference has not already occurred and ask this Court to adjourn its Rule 16 conference, all in attempt to stay discovery without bringing a noticed motion. Such gamesmanship should not be countenanced, and Defendants' request should be denied.

Furthermore, Defendants' request to adjourn the November 19, 2025 initial pretrial conference comes far too late. The conference was scheduled months ago, on August 29, 2025. Dkt. 14. Defendants' motions to dismiss (which are the predicate for their adjournment request) were filed a month later, on September 26, 2025. Dkt. 59. During the parties' October 27 conference, Plaintiff made clear its position that it would not join Defendants in any effort to seek an adjournment of the November 19 conference, as Defendants proposed. Moreover, the parties' Rule 26(f) Report is due on November 10, 2025 and the joint letter ordered by the Court is due on November 13, 2025, both of which Enhanced's counsel has expended considerable effort to prepare. Granting Defendants' 11th-hour request is unwarranted, and would be contrary to the interests of judicial efficiency and serve only to unnecessarily delay this litigation.

Accordingly, Defendants' request for adjournment of the November 19, 2025 initial pretrial conference should be denied and Defendants should be ordered to fulfill their obligations under the Court's orders and applicable rules by cooperating with Plaintiff in preparing the required submissions for timely filing. We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Edward B. Schwartz*
Edward B. Schwartz

The initial pretrial conference is hereby ADJOURNED to November 25, 2025, at 10 a.m. (making the parties' deadline to file preconference materials November 20, 2025). The parties should not infer from this adjournment what the Court's views are about the pending motions, as to which the Court reserves judgment. The Clerk of Court is directed to terminate ECF No. 97.

SO ORDERED.

November 7, 2025